Case 6:24-cv-00447-ADA   Document 1   Filed 08/30/24   Page 1 of 15

FILED
August 30, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ CV
                DEPUTY

AO 241 (Rev. 09/17)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Texas |
|---|---|
| Name (under which you were convicted): Douglas Eric Hill | Docket or Case No.: 6:24-cv-00447 |
| Place of Confinement: Jester III Unit, 3 Jester Road, Richmond, Texas 77406 | Prisoner No.: 2400287 |
| Petitioner (include the name under which you were convicted) Douglas Eric Hill | v. Respondent (authorized person having custody of petitioner) Bobby Lumpkins, Director TDCJ. Id. |

The Attorney General of the State of: Texas

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   19th Judicial District Court- McLennan County Texas
   501 Washington Ave.
   Waco, Texas 76701

   (b) Criminal docket or case number (if you know): 2020-306-C1 and 2020-1478-C1

2. (a) Date of the judgment of conviction (if you know): 07/06/2022

   (b) Date of sentencing: 07/06/2022

3. Length of sentence: 20 years confinement TDCJ.Id and 25 years TDCJ.Id.

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Possession of Controlled Substance with Intent to Deliver; (F1) 25 years TDCJ.Id/CC **Count 1.**

   Aggravated Assault (F2) 20 years TDCJ.Id. **Count 1.**

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☒ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **Guilty Plea- Possession of Controlled Substance with Intent to Deliver;**

**Aggravated Assault - Guilty Plea**

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☒ No

8. Did you appeal from the judgment of conviction?

☐ Yes     ☒ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ☒ Yes     ☐ No

If yes, answer the following:

(1) Name of court:  **Court of Criminal Appeals of Texas**

(2) Docket or case number (if you know):  **WR-94,998-01**

(3) Result:  **Dismissed without written order**

    (4) Date of result (if you know): 7/2/2024

    (5) Citation to the case (if you know): Tr.Ct.No.2021-1478-C1A & 2020-306-C1A

    (6) Grounds raised: Applicant's Motion for Reconsideration/Rehearing: Trial Court Errored in it's findings and conclusions of law relating to Petitioner's Brady violation claim; Failure to Analyze Petitioner's Actual innocence Claim; Failure to analyze Petitioner's Ineffective assistance claim-Illegal arrest

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: 19th Judicial District Court

    (2) Docket or case number (if you know): 2020-306-C1 & 2021-1478-C1

    (3) Date of filing (if you know): 7/26/2023

    (4) Nature of the proceeding: Writ of Habeas Corpus 11.07

    (5) Grounds raised: 1.Prosecutorial Vindictiveness/Misconduct; 2.Ineffective Assistance of Counsel; 3.Violation of Tex.Code.Crim.Proc.Art.38.23,4th Amend. U.S.Const.Art.1 Sec.9 Tex.Const.,Tex.Code.Crim.Proc.Art.15.24 & 15.26; 4.Violation of Tex.Code.Crim.Proc.ART.38.22 Sec.3(a)(2) & Sec.6.Tex.Code. Crim.Proc.Art.38.21,Art.1 Sec.19 Tex.Const.,Federal Due Process Clause,5th Amend.-Miranda Rights U.S.Const.; 5.Brady Violation withholding documents that if disclosed the results of trial would have been different,thus creating an involuntary Plea of guilt.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes  ☒ No

    (7) Result: Dismissed without written order for non-compliance

(8) Date of result (if you know): 8/9/2023

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: 19th Judicial District Court

(2) Docket or case number (if you know): 2020-306-C1 & 2021-1478-C1

(3) Date of filing (if you know): 1/10/2024

(4) Nature of the proceeding: Writ of Habeas Corpus 11.07

(5) Grounds raised: 1. Violation of my 4th Amendment U.S. Const., Right to Unlawful Arrest, Search and Seizure; 2. Actual and Factual Innocence of Aggravated Assault; 3. Brady violation-withholding relevant evidence of the warrant Confirmation; 4. Ineffective Assistance of Counsel; 5. Prosecutorial Vindictiveness and Misconduct rendering Plea of guilt involuntary, inviolation of Petitioner's Due Process Rights, also inviolation of his 4th, 5th, and 14th Amendment Right under the United States Constitution, which prejudiced Petitioner with a unreliable conviction and sentence of guilt.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Dismissed without written order or Evidentiary hearing

(8) Date of result (if you know): 1/24/2024

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: 19th judicial District Court

(2) Docket or case number (if you know): 2020-306-C1 & 2021-1478-C1

(3) Date of filing (if you know): 5/23/2024 & 6/3/2024

(4) Nature of the proceeding: Writ of Habeas Corpus

(5) Grounds raised: 1. Violation of my 4th Amendment U.S. Const., Right to Unlawful arrest, Search and seizure; 2. Actual and Factual Innocence of Aggravated Assault; 3. Brady violation- withholding relevant evidence of the warrant Confirmation-Creating an Unlawful arrest; 4. Ineffective Asstance of Counsel 5. Prosecutorial Vindictiveness and Misconduct rending Plea of guilt involuntary, inviolation of petitioner's Due Process Rights, inviolation of his 4th, 5th, 6th and 14th Amendment Right United States Constitution, which prejudiced Petitioner with a unreliable conviction and sentence of guilt.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _Dismissed without written order_

(8) Date of result (if you know): _6/5/2024 & 7/17/2024_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☒ No
(2) Second petition:  ☒ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_After filing multiple Writ of Habeas Corpus constituting the same grounds I filed a motion for rehearing in the free exercise of my due diligence Right._

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _Petitioner contends that his arrest was unlawful, resulting in an illegal Search and Seizure which violated Petitioner's 4th Amend.U.S.Const. Rights and lack of Jurisdiction, prejuding Petitioner with a unlawful and unreliable conviction/sentence of guilt._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Petitioner contends that the trial Court abused its discretion in denying the Motion to Suppress; By virtue of the testimony given by the arresting Officers. The Petitioner was entitled to relief._
_Subsequently, the McLennan County Sheriff's Department had to prove that a active and Legally binding warrant existed for the arrest of Petitioner, prior to an arrest, **NOT** after the arrest. In order to prove that a sufficient warrant was active the Sheriff's office must confirm the warrant and investigate any defects in the warrant. The Seriff's office failed to prove the warrant was valid at the time of arrest of Petitioner. Therefore arresting a free citizen, resulting in an illegal arrest, Search and Seizure and lack of Jurisdiction. The warrant wasn't confirmed until some 16 hours later est...See Memorandam of Law and Exhibits._

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

Page 6 of 16

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of habeas Corpus    11.07

Name and location of the court where the motion or petition was filed: 19th Judicial District Court, McLennan County, Texas

Docket or case number (if you know): 2020-306-C1 & 2021-1478-C1

Date of the court's decision: 8/9/2023

Result (attach a copy of the court's opinion or order, if available): 

Dismissed without written order

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Writ of Habeas Corpus proceedings are not appealable. I did file a Motion for rehearing in which was denied.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Numerous Writ of Habeas Corpus filings

**GROUND TWO:** Petitioner is actually innocent of Aggravated Assault and may receive relief through the actual innocence gateway under Schlup v. Delo; and in the interest of Justice his claims require examination on the merits.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner contends that he is actually innocence of aggravated assault per Texas Penal Code, Section 9.31(b)(2) and (C)(1)(2) 'Stand Your Ground' under this provision of the Law a person is allowed to defend himself under limited circumstances. Especially when arresting officers did not identify themselves as police officers, was not wearing identifying clothing to alert petitioner that they were law enforcement; was driving an unmarked Van that did not allow Petitioner to differentiate between a Civilian and Law enforcement; nor did Law enforcement announce themselves as Law enforcement; while attempting to arrest Petitioner at 1:30AM in the morning est... **See: Suppression Hearing**

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No
(2) If you did not raise this issue in your direct appeal, explain why:
Raised ground on the Writ of Habeas Corpus 11.07

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes  ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Writ of Habeas Corpus 11.07
Name and location of the court where the motion or petition was filed: 19th Judicial Court McLennan Courty, Texas

Docket or case number (if you know): 2020-306-C1 & 2021-1478-C1

Date of the court's decision: August 9, 2023

Result (attach a copy of the court's opinion or order, if available): Dismissed application for writ of habeas corpus with written order for non-compliance with Tex.R.App.Pro. 73.1 exceeded the two page allowed for each ground

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Motion for rehearing Court of Criminal Appeals of Texas P.O.Box 12308, Capitol Station, Austin Tx.

Docket or case number (if you know): WR-94,998-01

Date of the court's decision: 8/9/2023

Result (attach a copy of the court's opinion or order, if available): 

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

filed multiple Writ of Habeas Corpus 11.07

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Petitioner alleges that the Prosecution violated Brady by withholding relevant documents consisting of the warrant confirmation. If disclosed at the time of trial the results of trial would have been different. ThereAfter, prejudicing the petitioner with a unlawful and unreliable conviction of guilt.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner asserts that through Federal civil proceedings of discovery; documents styled as Exhibit #1-computer data base email (warrant confirmation) was revealed for first time regarding time discrepancy in the time of warrant confirmation was obtained; by arresting officers. Subsequently creating a conflict within the time period and documents reported to the court at the Suppression hearing and the testimony given given by the arresting officers. The new documents and information was not provided to Petitioner until December 2022 which supports Petitioners claim of Brady violation.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus 11.07

Name and location of the court where the motion or petition was filed: 19th Judicial District Court, McLennan County, Texas

Docket or case number (if you know): WR-94,998-03

Date of the court's decision: January 24, 2024

Result (attach a copy of the court's opinion or order, if available): Dismissed without written order for non-compliance with Tex.R.A.Procedure 73.1

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Multiply writ of Habeas Corpus filed

Docket or case number (if you know): WR-94,998-04: 2021-1478-C1B

Date of the court's decision: 1/24/2024

Result (attach a copy of the court's opinion or order, if available):

Dismissed without written order

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

filed numerous Writ of Habeas Corpus

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

Motion for rehearing

**GROUND FOUR:** Counsel rendered ineffective assistance of counsel in a cummulative of errors; which prejudiced Petitioner with a unreliable conviction;& involuntary Plea of guilt; Inviolation of 4th,5th,and 6th Amend.U.S.Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Counsel rendered ineffective assistance of counsel for failing to move and object; to illegally seized evidence in the Suppression hearing.
2. Did not have a firm grip on the law and the authorities of the case.
3. Failed to investigate the issues of the case, and Blindly accepted the State's version of the case-in chief.
4. Failed to adequately advise the Petitioner, which lead to Petitioner's accepting a defective and involuntary Plea of guilt. If but for the advise of the Counsel, Petitioner would not have accepted the Plea deal, but would have went to trial.
   Counsel failed to object and did not apply an effective trial or defense strategy in the suppression hearing; developing facts clearly showed arresting officers were engaged in a warrantless arrest without probable cause.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Factual developement of the record to allege effective assistance of Counsel.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:
19th Judicial District Court, McLennan County Texas

Docket or case number (if you know): WR-94,998-03 ;  WR-94,998-04

Date of the court's decision:   1/24/2024

Result (attach a copy of the court's opinion or order, if available): Dismissed without written order

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Stattion, Austin, Texas 78711

Docket or case number (if you know): WR-94,998-01
Date of the court's decision: 7/2/2024
Result (attach a copy of the court's opinion or order, if available): Motion was dismissed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
Writ of habeas Corpus proceedings are not appealable. I did file a motion for rehearing in which was denied.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:  Writ of Habeas Corpus 11.07

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Jessica Freud, 100 N.6th St., Ste.#902, Waco, Texas 76701; E. Alan Bennett, 510 N.Valley Mills Dr., Ste.#500, Waco, Texas 76710

(b) At arraignment and plea: Jessica Freud, 100 N.6th St., Ste.#902, Waco, Texas 76701; E. Alan Bennett, 510 N.Valley Mills Dr., Ste.#500, Waco, Texas 76710

(c) At trial:

(d) At sentencing: Jessica Freud, 100 N.6th St., Ste.#902, Waco, Texas 767101; E. Alan Bennett, 510 N.Valley Mills Dr., Ste.#500, Waco, Texas 76710

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tolling the time between filings and decision of State Court; Tolling the time between filing and decision of Court of Criminal appeals of Texas at Austin; In the interest of Justice and the Actual innocence claim can be raised at any time.

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reversal of conviction and plea of guilt; New trial ordered; Evidentiary hearing; In the alternative Dismiss all criminal charges due to unlawful arrest.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  08/23/2024  (month, date, year).

Executed (signed) on _____ (date).

Douglas Eric Hill
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.