IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DOUGLAS ERIC HILL #2400287** | § | |
| | § | |
| **V.** | § | **W-24-CA-447-ADA** |
| | § | |
| **BOBBY LUMPKIN** | § | |

## ORDER

Before the Court is Petitioner's Petition For a Writ of Habeas Corpus by a Person in State Custody. Petitioner is proceeding pro se and in forma pauperis. For the reasons set forth below, Petitioner's application for writ of habeas corpus is dismissed with prejudice as time-barred.

**Procedural History**

Texas state court records and Petitioner's application for habeas corpus indicate Petitioner pleaded guilty to possession of controlled substance and aggravated assault and was sentenced on July 6, 2022, in McLennan County, Texas. Petitioner did not appeal. On July 26, 2023, Petitioner filed a state application for habeas corpus relief, which the Texas Court of Criminal Appeals dismissed for non-compliance on August 9, 2023. Petitioner filed another state application for habeas corpus relief on January 10, 2024, which the Texas Court of Criminal Appeals dismissed for non-compliance on January 24, 2024. Petitioner then filed a third and fourth state application for habeas corpus relief which the Texas Court of Criminal Appeals denied without written order on

June 5, 2024, and July 17, 2024. Petitioner signed his federal habeas petition on August 23, 2024.

## DISCUSSION

Petitioner's application is barred by the one-year statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For purposes of federal review, Petitioner's conviction became final on August 5, 2022, the date on which the state-court judgment became final by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); Tex. R. App. P. 26.2(a)(1) (defendant must file notice of appeal within thirty days after the day sentence is imposed in open court). Petitioner, therefore, had until August 7, 2023, to

2

timely file his federal habeas petition. Petitioner did not execute his federal application for habeas corpus relief until August 23, 2024, more than a year after the limitations period expired. Thus, Petitioner's application is time-barred.

A properly filed state habeas application tolls the AEDPA limitations period during its pendency. 28 U.S.C. § 2244(d)(2). Petitioner's first properly filed state habeas corpus application, however, was not filed until May 23, 2024, which was after the limitations period had expired. Thus, it does not operate to toll the AEDPA limitations period. See *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Even if the limitations period were tolled from the time of Petitioner's first improperly filed state habeas corpus application on July 26, 2023, until it was dismissed as non-compliant on August 9, 2023, the limitations period would only be tolled for twelve days and would have expired on August 21, 2023. Petitioner's second improperly filed state habeas corpus application was not filed until January 10, 2024. Thus, Petitioner's federal petition would still have been filed more than a year after the expiration of the limitations period.

The Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred. Petitioner responded and appears to be contending he is eligible for equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Fifth Circuit has permitted equitable tolling in certain

cases, it requires a finding of "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. *See e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. America President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

      Petitioner asserts that his numerous state court habeas filings indicate his diligence. He also argues that the Court should consider tolling during the pendency of the motion for rehearing Petitioner filed on July 1, 2024, and then dismissed by the Texas Court of Criminal Appeals on July 2, 2024, regarding his first filed state habeas application.

As an initial matter, filing numerous improper state habeas applications does not show diligence. Petitioner also appears to be claiming that his pro se status and lack of training in the law constitutes exceptional circumstances, but unfortunately for Petitioner, his lack of familiarity with the legal process, lack of awareness of legal matters, or lack of legal assistance during the filing period does not merit equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Petitioner also appears to argue that he was shot numerous times and suffers physical and mental health issues, and that this constitutes exceptional circumstances. Petitioner fails to explain the timing of these injuries or any hospitalizations or how they prevented him from filing a timely federal petition when he was clearly capable of filing multiple state petitions during the limitations period. As for Petitioner's motion for rehearing, it was filed nearly a year after his first state habeas application was dismissed as non-compliant, thus it would not toll the limitations period. At the very most, Petitioner would be entitled to an additional one day during the pendency of the rehearing motion, but that one day would not change the fact that his federal petition was filed nearly one *year* too late.

Petitioner also appears to be contending that the untimeliness of his application should be excused because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a

showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

"The Supreme Court has not explicitly defined what constitutes 'new reliable evidence' under the *Schlup* actual-innocence standard." *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018). However, the Fifth Circuit has made clear that "evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Petitioner argues that he is actually innocent because under Texas law he was allowed to defend himself against the officers seeking to arrest him because they were not wearing identifying clothing, were driving an unmarked vehicle, and did not identify themselves as police officers. However, Petitioner provides no new evidence whatsoever that would support a claim of actual innocence. His arguments rely on evidence that was always within his own personal knowledge and reach at the time of his guilty plea.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he could not have discovered the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## CONCLUSION

Petitioner's application for habeas corpus relief is dismissed with prejudice as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that a certificate of appealability is **DENIED.**

**SIGNED** on October 1, 2024

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE